UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>$9,600.00 UNITED STATES CURRENCY  )<br>(Asset Identification Number:  )<br>Asset ID 18-USP-000416)  )<br>)<br>Defendant.  ) | Cause No. 1:18-cv-1225 |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on

information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C.

§ 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to

facilitate a violation of, the Controlled Substance Act.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.      This Court has in rem jurisdiction over the Defendant Property pursuant to

28 U.S. C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving

rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4.      This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.      The Defendant is Nine Thousand Six Hundred Dollars in United States Currency (hereinafter the "$9,600.00" or the "Defendant Currency") seized by the United States Postal Inspection Service ("USPIS") on November 14, 2017, from a package addressed to Jami Burrows, 1143 Canyon Trail, Topanga, CA 90290, bearing a return address of Michael Keenan, 2604 Sutherland Avenue, Indianapolis, IN.  The Defendant Currency was assigned Asset Identification Number:  Asset ID 18-USP-000416.

6.      The Defendant Currency was seized at a United States Post Office located in Indianapolis, Indiana, and is now in the custody of the USPIS.

## FACTS

7.      On or around November 14, 2017, a package was mailed by Express Mail in a USPS Priority Mail Express Box, weighing 15.8 oz., with a parcel number of EL871924147US (the "Parcel" or "Parcel 147US") from a United States Post Office in the 46204 zip code of Indianapolis, Indiana.  The parcel was addressed to Jami Burrows, 1143 Canyon Trail, Topanga, CA  90290, with a return address of Michael Keenan, 2604 Sutherland Avenue, Indianapolis, IN 46205.

8.      On November 14, 2017, during a routine outbound parcel interdiction, USPIS

agents identified Parcel 147US as suspicious because it met several characteristics that have been

identified as those indicating usage of the United States Mail Service by narcotics traffickers.

Narcotics traffickers know that United States First Class Mail, especially Express and/or Priority

Mail, is protected from inspection without a Federal search warrant.  Traffickers know that they

can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or

more business days by using Express and/or Priority Mail.  They know that any delay may

indicate a compromised parcel.  Traffickers will often mail the parcels at different post offices to

avoid detection.

9.      Traffickers will often package the contents in a layered manner in an attempt to

avoid detection by trained narcotics sniffing canines.  The layered packaging appears to be an

attempt to mask or prevent any odors from escaping.  Traffickers rarely include any type of

instruction with the proceeds.  Legitimate businesses or personal gifts contain such notes, letters,

receipts, cards or coupons along with the cash or monetary instruments.  Narcotics traffickers are

known to use low denomination currency to conduct their business.  Postal Inspectors have

found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

Indeed, there are a plethora of internet websites designed to provide drug traffickers with tips and

information to ship drugs and drug proceeds through a shipping service without detection.

10.      In this case, Parcel 147US was identified as suspicious as it was being mailed to a

state known to be a source for the importation of controlled substances; a check of certain

databases indicated that the parcel addressee was unknown at the receiving address; the label was

handwritten; and the parcel did not have a business account number.  Moreover, the metered

postage on the parcel was $36.75, and no signature was required upon delivery.

11.      When the addressee "Jami Burrows, 1143 Canyon Trail, Topanga, CA 90290,"

was queried in a law enforcement database, the inquiry revealed the address to be a good delivery address; however, the name "Jami Burrows" did not appear to be associated with the address. The post office responsible for delivery of ZIP Code 90290 advised that while this was a good delivery address, the names of the individuals known to receive mail at that address were Olivia Walker, Nicholas Walker, Patrick Jewett, and Charles Vanessel.

12.     The sender, Michael Keenan, was associated with the address at 2604 Sutherland Ave., Indianapolis, IN  46205.

13.     USPIS Postal Inspectors met with an Indianapolis Metro Drug Task Force Detective and canine handler on November 14, 2017.  A canine trained in narcotics detection alerted to the detection of a controlled substances and/or the odor of a controlled substance on Parcel 147US, which had been placed among other parcels.

14.     Postal Inspectors applied for a federal search warrant from the Southern District of Indiana to search the Parcel, based upon probable cause.

15.     On November 16, 2017, the Court issued a federal search warrant concerning the Parcel.  Upon execution of the warrant, Postal Inspectors opened the Parcel and found a sealed USPS Priority Mail cardstock envelope contained inside.  Concealed inside this envelope were two silver Mylar bags containing rubber-banded bundles of United States Currency consisting of $100, $50, $20, and $10 bills, totaling $9,600.  The majority of the bills were $20, making up $5,720 of the $9,600.  The Parcel contained no notes, receipts, or instructions.

16.     Postal Inspectors contacted Keenan at the telephone number listed on the Parcel. Keenan told Inspectors that he was sending the money to California to pay for a custom classic Jeep.  When asked why a narcotics K-9 would alert to the Parcel, Keenan had no answer.

17.     Following the seizure of the Defendant Currency, Postal Inspectors were advised

by the Indianapolis Metro Drug Task Force of an ongoing investigation involving Michael

Keenan.  After conducting two buy walks for Marijuana from Kennan, law enforcement obtained

a search warrant for Keenan's residence.

18.     On February 8, 2018, Postal Inspectors assisted the Indianapolis Metro Drug Task

Force and Indianapolis Metro Police Department in the execution of a search warrant on

Keenan's residence at 2604 Sutherland Ave., Indianapolis, IN 46205.  Recovered during the

search of Keenan's residence were mailing receipts for Parcel 147US, which was the parcel

containing the Defendant Currency.  Next to the receipts was an envelope bearing handwritten

telephone numbers, which were recognized to be those of the United States Postal Inspection

Service undercover telephone line.  Other items recovered during the search warrant included

Marijuana and Rolex watches found in a hidden bookcase compartment, USPS Priority Mail

boxes, envelopes, mailing labels, three rolls of Priority Mail tape, five Postal Money Order

receipts, and $1,700.00 in United States Currency.

19.     On February 8, 2018, Keenan was arrested and charged by the State of Indiana

with Felony counts of  Dealing in a Schedule 1 Controlled Substance; Possession of a Controlled

Substance; Dealing in Marijuana; Possession of Marijuana Where Defendant Has a Prior Drug

Offence; and Unlawful Possession of a Firearm by a Domestic Batterer.  *See State of Indiana v.*

*Michael Keenan*, Cause No. 49G21-1802-F2-005088, Marion County Court.  A jury trial is

scheduled for May 22, 2018.

20.     He additionally has Felony charges of Operating a Vehicle While Intoxicated

Endangering a Person, Operating a Vehicle with an ACE of 008 or More But Where the

Defendant has a Prior Conviction, and Driving While Suspended, and two Misdemeanor counts

of Failure to Remain at the Scene of an Accident Causing Bodily Injury pending in *State of*

*Indiana v. Michael Keenan*, Cause No. 49G18-1706-F6-023076, in Marion County.  A jury trial

is scheduled in this case beginning July 19, 2018.

    21.    Keenan's past criminal history begins by at least June 2000, and includes

Harassing, Public Intoxication, Battery, Disorderly Conduct, Possession of

Marijuana/Hash/Synthetic Cannabis, Resisting Law Enforcement, Interfering with Reporting of a

Crime, invasion of Privacy, Failure to Stop after an Accident Resulting in Damage to Vehicles,

OWI, Possession of Paraphernalia, Possession of a Controlled Substance, Dealing and

Possession of Marijuana, and Violation of Probation.  Most recently, on January 13, 2016,

Keenan plead guilty to a Felony counts of Operating a Vehicle While Intoxicated Endangering a

Person and Resisting Law Enforcement.  *See State of Indiana v. Michael Keenan*, Cause No.

49G18-1507-F6-025222, Marion County Court.  A violation of probation hearing is scheduled

for June 7, 2018, in this case.

    22.    Keenan has been subject to prior forfeiture actions as well.  In April 19, 2012, a

default judgment was entered in the forfeiture action involving $39,997 seized from Keenan.  *See*

*State of Indiana v. Keenan*, Cause No. 49D05-1202-MI-007553, Marion County Superior Court

3.

    23.    Currently pending is a forfeiture action filed on March 8, 2018, concerning assets

seized from Keenan on February 8, 2018.  *See State of Indiana v. Keenan*, Cause No. 49D04-

1803-MI-009510, Marion County.

    24.    Based on these facts, the USPIS initiated administrative forfeiture proceedings.

On January 23, 2018, Michael Keenan, through his attorney, Jeffrey Baldwin, filed a seized asset

claim form as to the $9,600.00.  Keenan claimed that he was the "legal and rightful owner of the

property."

25.     No other claims or petitions were received for the Defendant Currency.

26.     Upon the filing of Keenan's Claim, the USPIS transmitted the claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the Defendant Currency.

## PERTINENT STATUTES

27.     Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

28.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the defendant currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for  Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given

to all parties to appear and show cause why the forfeiture should not be decreed; that judgment

be entered declaring the defendant property be forfeited to the United States for disposition

according to law; and that the United States be granted any relief this Court may deem just and

proper.

> Respectfully submitted,
>
> JOSH J. MINKLER
> United States Attorney
>
> By:  *s/ Debra G. Richards*
>      Debra G. Richards
>      Assistant United States Attorney
>      Office of the United States Attorney
>      10 W. Market St., Suite 2100
>      Indianapolis, Indiana 46204-3048
>      Telephone: (317) 226-6333
>      Fax: (317) 226-5027

## VERIFICATION

I, DeMarkus Calhoun, hereby verify and declare under penalty of perjury that I am a U.S. Postal Inspector for the U.S. Postal Inspection Service ("USPIS"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a U.S. Postal Inspector with the USPIS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: April 19, 2018

DeMarkus Calhoun
U.S. Postal Inspection Service

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government
Plaintiff

❏ 2 U.S. Government
Defendant

❏ 3 Federal Question
*(U.S. Government Not a Party)*

❏ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original
Proceeding

❏ 2 Removed from
State Court

❏ 3 Remanded from
Appellate Court

❏ 4 Reinstated or
Reopened

❏ 5 Transferred from
Another District
*(specify)*

❏ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Cause No. 1:18-cv-1225 |
| | ) |
| $9,600.00 UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

## WARRANT FOR ARREST OF PROPERTY

TO:    ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 23rd

day of April, 2018, by Josh J. Minkler, United States Attorney for the Southern District of

Indiana, against Nine Thousand Six Hundred dollars in United States Currency ("$9,600.00"),

defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant

currency into the possession of the United States Marshals for the Southern District of Indiana, to

be detained in the possession of the Marshals until further order of this Court, and you will make

return thereon not later than ten (10) days after execution of process.

Dated: _____


_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.